November 5, 1906.

————————o————————

No. 3984.

(Court of Appeal, Parish of Orleans.)

THE PRACTICAL SCREENING COMPANY vs. J. H. MALONEY.

Where, in a contract for screening certain cisterns in the City of New Orleans, the contractor binds himself to do the work in accordance with the rules imposed by the Health Authorities and subject to the inspection and approval of

41

said authorities, and further binds himself to place on said cisterns a certain patent device on the water-pipes, intended to control the movements of mosquitoes, and said contractor performs the work of screening to the satisfaction and approval of the Health Board, but places the patent outlets and inlets only on a part of the cisterns, and shows it was impossible owing to their construction to put said patent device on all of them, and that the cost to him when he was unable to use his patent was greater than if he had been able to use them, held, contractor having done the work to the satisfaction of the Health Board, as per contract, his failure to place patent water gates and cut-offs on all of the cisterns, through no fault of his, will not be considered as violation of the contract, and he is entitled to recover on same.

Appeal from Civil District Court, Division E.

Chas. Louque, for plaintiff and appellee.

Paul W. Maloney, for defendant and appellant.

ESTOPINAL, J.   Plaintiff sued to recover Two Hundred Dollars ($200 00), alleging same to be due it by the defendant for the screening of fifty cisterns belonging to the latter The contract for the work is evidenced by a writing which provides substantially for the screening of "fifty cisterns with eighteen mesh regulation wire, and also to place on each cistern a patent water gate and cut-off; said work to be done in accordance with the Health Board regulations, and subject to the approval of said Board." Defendant in his answer avers that the plaintiffs failed to install the "water gates and cut-offs" on *all* of the cisterns; that the purpose of these appliances was to prevent the ingress of mosquitoes, and that on some cisterns, in lieu of the patent fixtures, plaintiffs covered the cisterns completely, and in so doing violated its contract.

Judgment was rendered below in favor of plaintiffs; at least two questions are settled, and not contested and these are:

1st.   That plaintiffs did screen fifty cisterns, and, 2nd that the screening was inspected and approved by the Health authorities, as evidenced by Health Inspector's certificates filed and found in the record.

At the argument it was admitted at the bar of the Court by counsel for defendant that, the only question involved and

to be determined by the Court was, whether the failure of plaintiffs to put in patent appliances known as "Water Gates" and "Cut-offs" did not abrogate the contract and defeat plaintiff's claim.

Counsel for defendant contends earnestly that plaintiff's failure to provide the patent appliances on each and every cistern, exactly as stipulated in the contract, is violative of same, and upon the taking of testimony in the lower court objected to the admission of testimony, tending, as he claimed, to vary the terms of the contract, that parol evidence could not be received to vary or alter a written document, no one will question the soundness of the position, but, as we find it, there was no purpose on the part of plaintiff to do this.

Plaintiff admitted that he had not placed the patent appliances on several of the cisterns, though the contract so stipulated, but explained that this was not done for the reason that some cisterns, not being properly equipped with pipes, the patent device could not be used, in consequence, total screening of the tops of cisterns was found necessary. To defendant's objection that "this character of testimony was irrelevant; that the contract speaks for itself, and witness has no right to explain same or attempt by parol to alter or vary the terms of the contract," our esteemed brother of the District Court, very correctly, in our opinion, ruled as follows:

"Of course, the contract must speak for itself, but the witness is entitled to explain why he did not comply with what may appear to be the letter of the contract. The objection is overruled, because the Court does not understand that the witness is endeavoring to contradict, alter or vary the contract, but simply to assign reasons for his having apparently departed from the language or letter of the contract, in the performance of his labor."

Of course, we must necessarily subscribe to the oft repeated proposition, that the contract is the law of the parties to it, and must be strictly construed, but we shall not accept it in the narrow sense that impractical and impossible situations, caused by the stipulations of a contract and attendant conditions, shall be cause to render a judgment which would be palpably inequitable and illegal.

The screening of cisterns in New Orleans, was one of the methods adopted by the authorities to free the City of the

mosquito pest claimed to be the greatest and most dangerous. if not the only agency responsible for the spread of the dreaded yellow fever. The health authorities, though offering suggestions as to the best method of making cisterns "mosquito proof," were indifferent as to how this was accomplished, so long as these water containers were properly screened.

The record in this case show that all of the defendant's cisterns which were properly equipped to receive the patent appliances stipulated in the contract did receive them ; that these patent devices were installed at a cost of Fifteen (15) cents ; that where the cisterns were in such shape as to render it impossible to use the patent device, the entire top of such cisterns were covered with wire at a cost of Seventy (70) cents or more. This fact, not successfully controverted by the defendant, shows the absolute good faith of the plaintiff and its purpose to meet every requirement of the health authorities, even at a cost of a considerable reduction of its prospective profits.

The health authorities inspected and approved the work as being in accordance with its regulations, and it is not shown that the defendant was at any time molested. harassed or punished for disobeying the screening regulations after plaintiff had completed the work.

Defendant complains that the wire, after a time, became decayed and had to be patched. The durability of galvanized wire was not discussed nor guaranteed by plaintiffs.

The Court might assume to state of its knowledge, that the life of galvanized wire is very short, but it was the kind required by defendant, and he cannot now complain that it did not wear well.

The work done by plaintiff answered every purpose intended, as attested by the health authorities, and the cost of the work to plaintiff was greater, and his profits less, than if he had been enabled to carry out the exact demands of the contract.

We are satisfied from the testimony that plaintiff has fairly earned the price stipulated for the peformancc of the work, and we are not prepared to deny to it its just dues, because. forsooth, it has not, through no fault of its own, carried out to the letter the stipulations of the contract.

The defendant, in consequence of the work done by plain-

tiffs, has enjoyed immunity from arrest and other vexations' and will not now be permitted to urge as an excuse for not compensating plaintiffs, that the contract was violated by the latter, when it is shown that the work as done, was as good and satisfactory as if done in strict accord with the contract. This, the evidence shows, could not be done on all the cisterns, their conditions not permitting it.

We find no reason for disturbing the judgment appealed from, and it is hereby affirmed.